**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x

ZHARA FERNANDEZ, TANYA CHAMBERS, KENYA BROWN, AMY CHU, JOHN VOLPE AND ANDREW BULLINGTON *individually and on behalf of others similarly situated,*

Plaintiffs,

-against-

Docket No. 15-Cv-6066 (PKC)

ZONI LANGUAGE CENTERS, INC. (d/b/a ZONI LANGUAGE CENTERS), ZONI LANGUAGE CENTERS-FLUSHING, LLC, (d/b/a ZONI LANGUAGE CENTERS) and ZOILO C. NIETO,

Defendants,

-----------------------------------------------------x

---

REPLY MEMORANDUM OF LAW

---

STEPHEN LATZMAN, PC
By: Stephen Latzman, Esq. (SL6462)
Attorney for Defendants
276 Fifth Avenue, Suite 1008
New York, NY 10001
(212) 532 3368
slatzman@latzman.com

**Table of Contents**

**I. Preliminary Statement..........................................................1**

**II. The Opposition Papers..........................................................1**

**III. Argument..........................................................3**

1. **Zoni is an "Educational Establishment"..........................................3**
2. **Zoni is Licensed..........................................................4**
3. **Zoni is Accredited..........................................................6**
4. **Other Factors..........................................................6**
5. **Astor v. United States is Not Controlling......................................8**
6. **Plaintiffs are Exempy Under NYLL........................................10**
7. **Plaintiffs Fail to State a Minimum Wage Claim under NYLL.............10**

**IV. Conclusion..........................................................13**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ZHARA FERNANDEZ, TANYA CHAMBERS, KENYA BROWN, AMY CHU, JOHN VOLPE AND ANDREW BULLINGTON *individually and on behalf of others similarly situated,*

Docket No. 15-Cv-6066 (PKC)

Plaintiffs',

-against-

ZONI LANGUAGE CENTERS, INC. (d/b/a ZONI LANGUAGE CENTERS), ZONI LANGUAGE CENTERS-FLUSHING, LLC, (d/b/a ZONI LANGUAGE CENTERS) and ZOILO C. NIETO,

Defendants.

------------------------------------------------------------x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

## I. Preliminary Statement

Defendants submit this Memorandum of Law in further support of the motion to dismiss the Amended Complaint and in reply to Plaintiffs' Memorandum of Law in Opposition. For the reasons stated herein and in the moving papers, the Motion must be granted and this proceeding dismissed.

## II. The Opposition Papers

Plaintiffs' opposition is limited to the bare assertion that Zoni is not an exempt "educational institution" under the FLSA. Plaintiffs concede that they are teachers within the meaning of the FLSA on page 5, footnote 1, of their Memorandum in Opposition to this Motion. In particular, Plaintiffs' state that "if Zoni is an educational institution their job functions qualify

them as teachers and that they therefore would be exempt employees." Thus, the primary issue this Court must decide is whether Zoni qualifies as an "educational institution" under the FLSA.

Plaintiffs' Initial Complaint alleged Plaintiffs were FLSA non-exempt teachers because they were paid on a hourly basis (Initial Complaint ¶¶ 46, 65, 82, 98, 116). No claim was made in the Initial Complaint that Zoni was not a FLSA exempt Educational Institution, as Plaintiffs now assert. In accordance with the Court's Individual Practices, Defendants made written request for a pre-motion conference setting forth the basis of an intended dismissal motion. Defendants showed that Plaintiffs are not non-exempt and that the Complaint failed to state claims for overtime and minimum wage violations. Plaintiffs failed to submit a written response. Following the pre-motion conference, Plaintiffs filed an Amended Complaint, abandoning its prior frivolous claim that Plaintiffs were non-exempt. Plaintiffs' latest attempt to avoid dismissal is even more frivolous. This case should never have been brought, and should properly now be dismissed to avoid needless expenditure of limited resources.

As is clear from the relevant law, the allegations pled in the Amended Complaint, and the matters upon which the court may take judicial notice, Zoni does qualify as an "educational establishment" under the FLSA. Consequently, the Plaintiffs' FLSA minimum wage and overtime claims, and related NYLL claims, should be dismissed with prejudice, and the Court should decline supplemental jurisdiction over the remaining state law claims, and dismiss such claims without prejudice.

## III. Argument

### 1. Zoni is an "Educational Establishment"

The determinative issue in this case is whether Zoni is an "educational establishment" under the FLSA. An "educational establishment" is defined as an "elementary or secondary

school system, an institution of higher education or other educational institution." 29 C.F.R. §541.204(b) (emphasis supplied). The "other educational institution" category has been explained by the Department of Labor to include, among other factors, postsecondary career programs wherein: (1) "the school is licensed by a state agency responsible for the state's educational system;" or (2) the school is "accredited by a nationally recognized organization for career schools." Zoni meets the criteria of an "educational establishment" as defined by 29 C.F.R. §541.204(b). Zoni is licensed by the New York Department of Education (and thereby subject to the regulations of the New York Commissioner of Education) and is also accredited.

Plaintiffs' claim that the canon of statutory interpretation known as *expresso unius est exclusion alterious* limits "other educational institutions" to institutions for disabled and gifted students or post-secondary career programs is without merit. Section 541.204(b) states, "The term 'other educational establishment' *includes* special schools for mentally or physically disabled or gifted children, of any classification of such schools as elementary, secondary or higher." 29 C.F.R. § 541.204(b) (emphasis supplied). In other words, the language of this regulation is permissive and is intended to be used expansively and not by way of limitation. See, e.g., Escobedo v. Constr. Laborers' Educ., Training and Apprenticeship Fund of Minnesota and North Dakota, 2012 WL 4838880 (D. Minn. 2012) (holding that a training facility not licensed or accredited by state's education department qualifies as an "educational institution"). Courts have even found an entity to constitute an "educational institution" when that institution was neither licensed nor accredited. See, e.g., Wilks v. District of Columbia, 721 F. Supp. 1383, 1386 (holding that an educational program for prisoners was an "educational institution" under the FLSA because it was "essentially a school").

"Includes" means "including but not limited to." In re Zinke, 1989 WL 87370, at *2 (E.D.N.Y. 1989) (Glasser, J.) ("The court believes that the word 'including' should be given its ordinary and natural meaning 'including but not limited to'"). See also Cardona v. Maramont Corp., 43 Misc. 3d 1230(A), 993 N.Y.S.2d 643 (N.Y. Sup. Ct. 2014) ("As to the definition of 'Food Services,' the phrase 'including, but not limited to' has an expansive meaning, because it intends to cover or convey a non-exhaustive listing of items"); Doniger v. Rye Psychiatric Hosp. Ctr., Inc., 122 A.D.2d 873, 877 *lv. denied* 68 N.Y.2d 611 (N.Y. App. Div. 1986) ("The word 'including,' when followed by a list of examples, is designed to broaden the concept being defined (*see,* Red Hook Cold Stor. Co., Inc. v. Department of Labor of State of N.Y., 295 N.Y. 1, 8, 64 N.E.2d 265)").

The *expressio unius est exclusion alterious* canon is therefore inapplicable. But even if the canon were applicable, which it is not, the canon does not create a conclusive inference. See Rai v. WB Imico Lexington Fee, LLC, 802 F.3d 353, 370, n. 6 (2d Cir. 2015). ("even if the canon were applicable, we are not to treat as conclusive the inference that Congress intended to exclude that which it did not explicitly include but rather to view the canon as but an aid to construction") (internal citations omitted).

**2. Zoni is Licensed**

Zoni has established the first relevant factor by showing, without dispute by Plaintiffs, that it is licensed by the New York State Education Department, the New York State agency responsible for the state's educational system. 29 C.F.R. §541.204(b). As an ESL School licensed by the New York State Education Department, Zoni is subject to comprehensive regulatory oversight. (New York State Education Department, Chapter II, Title 8, New York Code of Rules and Regulations). The New York State Education Department is charged with the

general management and supervision of all public schools and all of the educational work of the state. N.Y. Education Law § 101. The New York Commissioner of Education has general supervision over all schools and institutions which are subject to the provisions of the Education Law. N.Y. Education Law § 305. The Commissioner's regulations govern the operation of all educational institutions in New York State, including Elementary and Secondary Education (8 N.Y.C.R.R. Subchapter E, Part 100 *et seq.)*; Private Schools (Id. Subchapter F, Parts 125 -126); Vocational and Industrial Schools (Subchapter H, Parts 140 -141). Zoni is subject the regulations contained in 18 N.Y.C.R.R. Part 126, Private Schools.

Among other things, Zoni's curriculum and enrollment agreements must be approved by the Commissioner. 8 N.Y.C.R.R. §126.10(j)(2)(b)(2); 8 N.Y.C.R.R. §126.10(j)(2)(b)(1). Zoni's facilities must also meet all applicable local fire, health and building requirements. 8 N.Y.C.R.R. §§126.10(j), (2)(b)(7) & (4). Zoni is further subject to unscheduled visits to ensure its compliance with the requirements of the Commissioner's Regulations. 8 N.Y.C.R.R. §126.10(j)(2)(b)(7). As a licensed ESL school, Zoni's teachers and director must also meet the Commissioner's requirements set forth in Section 126.10. 8 N.Y.C.R.R. §126.10(j)(2)(b)(6).

In New York State, unless a waiver is obtained, ESL teachers must obtain a baccalaureate or equivalent degree from an institution licensed or recognized by the State Education Department and then successfully complete an English as a second language training program (recognized by the Department) or complete one year teaching English as a second language. 8 N.Y.C.R.R. §126.10(j)(3)(iii). As importantly, an ESL school is required to employ a director who meets the Commissioner's regulations for directors at a licensed private career school. 8 N.Y.C.R.R. §126.10(j)(3)(i); 8 N.Y.C.R.R. §126.6(d).

### 3. Zoni is Accredited

Zoni has also established the second relevant factor under 29 C.F.R. § 541.204(b): it is accredited by a nationally recognized accrediting organization for career schools. Matters which the court is permitted to take judicial notice establish that Zoni is accredited by the Accrediting Council for Continuing Education & Training ("ACCET") (exhibits E and F (http://accet.org)). ACCET has been officially recognized by the U.S. Department of Education, since 1978, as a "reliable authority as to the quality of education or training provided by the institution's of higher education and the programs they accredit." http://accet.org/about-us/mission-scope-overview.

### 4. Other Factors

Should the court not take as established Zoni's accreditation for purposes of this dismissal motion, as Plaintiffs argue, Zoni remains an "educational institution" under the FLSA. The two primary factors for consideration in assessing whether a school qualifies as an "education institutional" under 29 C.F.R. §541.204(b) – accreditation and licensure – are not exhaustive. The FLSA regulation is permissive such that other factors may be considered, including: (1) the title of employees; (2) the certifications required of teachers; (3) the formality of courses; (4) the granting of certificates or degrees; (5) the organization's charter; and (6) the teacher's involvement in organizing, communicating and delivering curriculum. King v. The United States, 119 Fed. Cl. 277, 2014 WL 7357921 (2014); Muller v. Am. Mgmt. Assoc. Int'l, 368 F. Supp. 2d 1166, 1175–76 (D. Kan. 2004); Opinion Letter Fair Labor Stds. Act, 2006 WL 3406601, at *2–3 (Dep't of Labor Oct. 26, 2006).

As Plaintiffs' concede, Zoni employs each Plaintiff as a teacher. Regulations of the Commissioner of the New York State Department of Education require that ESL teachers obtain a baccalaureate or equivalent degree from an institutional licensed or recognized by the Department and complete either an English as second language training program (recognized by the Department) or one year of teaching experience in English as second language. 8 N.Y.C.R.R. §126.10(j)(3)(iii). Directors of ESL schools must be licensed. 8 N.Y.C.R.R. §126.10(j)(3)(iii).

"The ordinary meaning of the term 'educational institution' [in the FLSA regulation] is 'school'" Wilks v. District of Columbia, 721 F. Supp. 1383, 1386 (D. D.C. 1989). Plaintiffs' descriptions of their job duties alleged in the Amended Complaint establish Zoni's status as an educational institution. "Plaintiffs are forced to follow strict teaching models; specifically, defendants require Plaintiffs to follow defendants teaching methodologies by including speaking, listening, writing, and reading into every lesson plan." (Am. Compl. ¶41(a)). "Plaintiffs have to teach information from the books defendants require the students to purchase from the school." (Am. Compl. ¶41(b)). "Advisors and directors of the school observe Plaintiffs through video cameras in each classroom to ensure they are following the defendants' teaching standards and conduct rules." (Am. Compl. ¶41(d)). "Defendants require students to complete surveys to rate Plaintiffs' compliance with defendants' teaching requirements." (Am. Compl. ¶41(f)). Indeed, the gravamen of Plaintiffs' FSLA, and related NYLL, allegations is that, although they were paid for time-spent teaching in class, they were uncompensated for hours worked preparing for class (i.e. to teach) and correcting exams (as teachers). (Am. Compl. ¶¶ 55, 73, 88, 105, 123, 137). Plaintiffs' acknowledge that correcting exams and preparing for class are an "integral part" of their job. (Am. Compl. ¶¶ 47, 67, 83, 98, 116, 133). Zoni is most definitely a school and an

FLSA "educational institution." Wilks v. District of Columbia, 721 F. Supp. 1383, 1386 (D. D.C. 1989).

Plaintiffs' allegation that "Defendants do not confer any educational degree or its equivalent, professional licenses, or continuing education credits" (Am. Compl. ¶ 38) or "eligibility for any professional licenses, educational opportunities . . ." is of no significance. Wilks v. District of Columbia, 721 F. Supp. 1383 (D. D.C. 1989) (an educational program in a correctional facility is an "educational establishment" under the FLSA even though educational degrees were not granted); United States v. King, 119 Fed. Cl. 277 (2014) (Custom and Border Protection training academies were FLSA educational establishments); Muller v. American Mgmt. Ass'n Int'l, 368 F. Supp. 2d 1166 (D. Kan. 2004) (business seminar presenters were employed by educational establishment even though the company did not award degrees but was chartered by the State University of New York to provide continuing education courses).

Plaintiffs' claim that "Upon completion of Zoni courses, individuals do not receive no [sic] eligibility for professional licenses, educational opportunities, or other tangible benefits." (Memorandum of Law, pages 8-9) crosses the line from legitimate argument to frivolous. To argue, as Plaintiffs do, that the ability to speak, write and comprehend the English language is of no "tangible benefit" is without merit on its face. Applying the Twombly standard of review, it is simply not plausible to claim that English language instruction does not confer any "tangible benefit" to Zoni's students.

**5. *Astor v. United States* is Not Controlling**

Plaintiffs' reliance on Astor v. United States, 79 Fed. Cl. 303 (2007), to argue that Zoni does not qualify as an "educational establishment" is misplaced. Astor involved plaintiffs who were firearms instructors at the Federal Law Enforcement Training Center ("FLETC") and was

decided under regulations of the Office of Personnel Management ("OPM"). The court's holding that the firearms instructors were non-exempt employees is based upon the independent ground that the plaintiffs were not "teachers" under the OPM regulations. Id. at 314-315.

Furthermore, even applying the Astor court analysis, Zoni qualifies as an Educational Establishment. Referring to FLETC's congressional mandate to "provide a consolidated training facility for the benefit of all more enforcement agencies," the court found that the FLETC was not "essentially a school." Id. at 316 (citing Wilks v. District of Columbia, 721 F. Supp. 1383 (D. D.C. 1989)). The Astor court stated:

> Second, in all of the cases where courts found non-traditional schools to qualify as an "educational establishment," the program's education accreditation credentials were much stronger than those presented by Defendant in this case. In *Wilks*, the prison's Office of Educational Services ran the program with teachers certified by the D.C. Public Schools. See 721 F. Supp at 1386. In Muller [Muller v. Am. Mgmt. Assoc. Int'l, 368 F. Supp. 2d 1166], the corporation was chartered as an educational organization under the auspices of the State University of New York, and approved as a certified provider of continuing education. 368 F. Supp at 1176. In Gonzales [Gonzales v. New England Tractor Training School, 932 F. Supp 697], the driving school was licensed by the Maryland Higher Education Commission as a career training school, and accredited by the Accrediting Commission of Career School and College of Technology, a nationally recognized educational accrediting organization. See, 932 F. Supp. at 701.
> Id. at 316.

FLETC earned its sole accreditation in March 2006. Id. at 317. The Astor action was filed on February 23, 2005. Id. at 306. The FLETC instructors in Astor were not required to possess any teaching credentials such as degrees in education or teaching experience or education beyond a high school degree. Id. at 317. In contrast, Zoni is licensed by the New York State Education Department as an ESL school. Regulations of the Commissioner set forth the requirement for teachers at ESL schools. 8 N.Y.C.R.R. §126.10(j)(3)(iii). Astor is clearly distinguishable from the instant case.

**6. Plaintiffs are Exempt Under NYLL**

Plaintiffs acknowledge that if they are exempt employees under the FLSA, they are also exempt from the overtime provisions of the NYLL. But they claim that they are not exempt from the NYLL minimum wage requirements because the exemption does not specifically mention teachers. (Memorandum of Law, page 14). Plaintiffs' assertion is incorrect. Plaintiffs do not cite to a single case that supports their reading of 12 N.Y.C.R.R. §142–2.14. Plaintiffs, as teachers clearly are exempt under the plain language of the regulation. ESL teachers are required to have a baccalaureate degree or equivalent and have successfully completed either an English as second language training program recognized by the Education Department or one year of teaching experience in English as second language. 8 N.Y.C.R.R. §126.10(j)(3)(iii). Plaintiffs, ESL teachers, are exempt professionals under 12 N.Y.C.R.R. §142-2.14.

**7. Plaintiffs Fail to State a Minimum Wage Claim under NYLL**

Even if Plaintiffs are not exempt under the NY regulations, the Amended Complaint fails to state a plausible minimum wage claim under the NYLL. An employee cannot state a claim for a minimum wage violation unless his average hourly wage falls below the minimum wage. Thind v. Healthfirst Mgmt. Servs. LLC, 2015 WL 4554252 (S.D.N.Y. 2015) (Shofield, J.); Lundy v. Catholic Health Sys. of Long Island Inc., 711 F. 3d 106, 115-16 (2d Cir 2013) ("So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40–hour threshold, even if the employee also works overtime hours the same week").

The FLSA minimum wage is $7.25 per hour. 29 U.S.C. §206(a)(1)(C). The New York State minimum wage was $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, and $8.75 on and after December 31, 2014. New York Labor Law §652(1). Average

hourly wage is determined "by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. §778.109. Under New York law, "The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." 12 N.Y.C.R.R. §142-2.16

The Amended Complaint fails to state a claim for relief, because, accepting Plaintiffs' allegations as true, the Amended Complaint shows that Plaintiffs were paid an hourly rate in excess of the minimum wage.

Plaintiff Fernandez pleads an hourly rate of $17.00 (Am. Compl. ¶54) and was paid for 36 hours a week (52), for a total of $612.00 paid. The most hours she claims to have worked weekly are 47.5 hours (Am. Compl. ¶52). The effective hourly rate is thus $12.88, which is in excess of the federal and state minimum wage.

Plaintiff Chambers pleads an hourly rate of $16.00 (Am. Compl. ¶72) and was paid for 28 hours a week (70), for a total of $448.00 paid. The most hours Chambers claims to have worked weekly are 36 hours (Am. Compl. ¶52). The effective hourly rate is thus $12.44, which is in excess of the federal and state minimum wage.

Plaintiff Brown pleads an hourly rate of $16.00 (Am. Compl. ¶87) and was paid for 40 hours a week (Am. Compl. ¶85), for a total of $640 paid. The most hours Brown claims to have worked weekly are 55 hours (Am. Compl. ¶85). The effective hourly rate is thus $11.63, which is in excess of the federal and state minimum wage.

Plaintiff Chu pleads an hourly rate of $16.00 (104) and was paid for 28 hours a week (Am. Compl. ¶100), for a total of $448.00 paid. The most hours Chu claims to have worked weekly are 43 hours (Am. Compl. ¶100). The effective hourly rate is thus $10.41, which is in excess of the federal and state minimum wage.

Plaintiff Volpe pleads an hourly rate of $17.00 (Am. Compl. ¶122) and was paid for 34 hours a week (119), for a total of $578.00 paid. The most hours Volpe claims to have worked weekly are 52 hours (Am. Compl. ¶119). The effective hourly rate is thus $11.11, which is in excess of the federal and state minimum wage.

Plaintiff Bullington pleads an hourly rate of $17.00 (Am. Compl. ¶136) and was paid for 32 hours a week (Am. Compl. ¶134), for a total of $544.00 paid. The most hours Bullington claims to have worked weekly were 43 hours (Am. Compl. ¶134). The effective hourly rate is thus $12.65, which is in excess of the federal and state minimum wage.

Because the average hourly rate alleged in the Amended Complaint was always in excess of the New York State minimum wage, a cause of action has not been stated. Ramos v. City of New York Fire Dep't, 2014 WL 2111687, at *5 (S.D.N.Y. 2014) (Forrest, J.) ("As described above, this type of gap-time claim is only cognizable under the FLSA if 'the average hourly wage falls below the federal minimum wage.' *Lundy,* 711 F.3d at 115"). Cruz v. AAA Carting & Rubbish Removal, Inc., 2015 WL 4393204, at *8 (S.D.N.Y. 2015) (Karas, J.) ("However, as per Plaintiff's allegations, he was paid for 40 hours a week at a rate of either $20.00 or $25.51 an hour, for a weekly salary of either $800 or $1,020.40 per week. The most plaintiff alleges he worked in a week is 60 hours. Thus, assuming Plaintiff's allegations to be true, he was paid a minimum of either $13.33 or $17.01 an hour for actual hours worked, either of which rates is above the federal and state minimum wages").

## IV. Conclusion

The matter alleged in the Amended Complaint and of which judicial notice may be taken establish as a matter of law that Plaintiffs, as teachers, are exempt employees not entitled to overtime pay or minimum wage protection under the FLSA and NYLL. There is no need for disclosure. Defendants' motion should be granted, an order entered for dismissal with prejudice of the first through fourth claims for relief and dismissal without prejudice as to the fifth and sixth claims for relief, and finally, entry of a final judgment accordingly, including a reservation of jurisdiction to determine an award of costs and attorneys' fees in favor of Defendants.

Dated: New York, New York
December 31, 2015

STEPHEN LATZMAN, P.C.

By: Stephen Latzman, Esq. (SL6462)
Attorney for Defendants
276 Fifth Avenue, Suite 1008
New York. New York 10001
(212) 532-3368
slatzman@latzman.com